(No. 4809

MARKET MENS MUTUAL INSURANCE COMPANY, A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1959.*

NICHOLAS S. KIEFER, Attorney for Claimant.

LATHAM CASTLE, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

WHAM, J.

Claimant in this case seeks reimbursement for overpayment of 1955 and 1956 taxes to the State of Illinois. As in the case of the *Calvert Fire Insurance Company,* Claimant, vs. *State of Illinois,* Respondent, No. 4805, in which we granted an award this date, no novel questions of law are involved, nor is there a dispute on the facts. Respondent has acknowledged the validity of the claim involved in this case. The Commissioner, who heard the case, has recommended the allowance of the claim, and we hereby adopt as our opinion in this case the following report of the Commissioner:

"The above entitled cause was set for hearing on two occasions. The parties to said cause did not introduce any evidence, but entered into a stipulation of facts, said stipulation of facts being filed in the Court of Claims on September 11, 1958.

According to the stipulation, claimant is an insurance company incorporated under the laws of the State of Wisconsin. It has been admitted to transact the business of fire insurance in Illinois. It appears that in 1955 claimant paid a gross annual privilege tax of $2,555.01. In 1956 the gross annual privilege tax of said claimant was $2,528.24. In 1955 claimant paid to the City of Chicago the sum of $970.89 in fire department tax, and failed to claim said amount as a deduction from its gross annual privilege tax. In August of 1955 claimant paid to the City of Chicago the sum of $858.06 in fire department taxes, but failed to claim a deduction of said amount from its 1956 gross annual privilege tax levied by respondent.

Claimant maintains it is entitled to deduct from the gross amount of premium taxes due to the State of Illinois in any year the amounts paid in the previous year to Illinois municipalities for support of their fire departments, and bases its claim upon Sec. 409 of the Illinois Insurance Code (Ill. Rev. Stats., 1957, Chap. 73, Sec. 1021), and Sec. 8F of the Court of Claims Act, (Ill. Rev. Stats., 1957, Chap. 37), which provides that, having failed to claim in the immediately succeeding year a deduction for taxes paid to a municipality for support of its fire department, claimant is entitled to recover in the Court of Claims from respondent the overpayment of premium tax.

An examination of the aforesaid provisions of the Illinois Insurance Code and Sec. 8F of the Court of Claims Act clearly indicates that claimant is entitled to recover the sum of $970.89 for the overpayment of its premium tax for the year 1955, and the sum of $858.06 for the year 1956. Therefore, this Commissioner recommends that the Court allow the claim of claimant in the aforesaid amounts."

It is, therefore, ordered that an award be made to claimant, Market Mens Mutual Insurance Company, A Corporation, in the amount of $1,828.95.